F I L E D
United States Court of Appeals
Tenth Circuit

FEB 17 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHINAGOROM NONYELUM
GODWIN,

    Plaintiff-Appellant,

v.

GARY JOEL HILL,

    Defendant-Appellee.

No. 97-2300

(D.C. No. CIV-97-903-SC)

(D. N.M.)

ORDER AND JUDGMENT*

Before BALDOCK, EBEL, and MURPHY, Circuit Judges.**

    Plaintiff Chinagorom Nonyelum Godwin, appearing pro se, appeals the district

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

court's dismissal of his complaint for lack of subject matter jurisdiction.[1]  Plaintiff argues that the district court erred in concluding that the complaint did not meet the $75,000 amount in controversy requirement of 28 U.S.C. § 1332.[2]  Our jurisdiction arises under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter jurisdiction. Painter v. Shalala, 97 F.3d 1351, 1355 (10th Cir. 1996).   Applying this standard, we affirm.

On July 7, 1997, Plaintiff filed a complaint in district court alleging that Defendant Gary Joel Hill, an attorney retained by Plaintiff in criminal and immigration matters, failed to perform the services agreed to and refused to refund the $7,000 retainer paid to him by Plaintiff.  Plaintiff sought recovery of the $7,000 retainer.   The district court, sua sponte, reviewed its subject matter jurisdiction and concluded that Plaintiff's complaint alleged state law tort or contract claims which did not exceed $75,000.   Consequently, because Plaintiff did not meet the amount in controversy requirement of 28 U.S.C. § 1332(a), the district court dismissed the complaint without prejudice for lack of subject matter jurisdiction.

---

[1] Although the district court stated that it was reviewing the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, we assume that in light of the district court's order dismissing the complaint for lack of subject matter jurisdiction, the district court intended to state that it reviewed the complaint under Fed.R.Civ.P. 12(b)(1).

[2] Section 1332 provides: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states; [or] (2) citizens of a State and citizens or subjects of a foreign state . . ."

We have reviewed the parties' briefs, pleadings, and the entire record before us. We agree with the district court substantially for the reasons set forth in its order dismissing Plaintiff's complaint.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge